IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.__:____-CV-_____-___

| | | |
|---|---|---|
| GINA MCALLISTER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| v. | ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| THE UNIVERSITY OF NORTH CAROLINA SYSTEM, through its governing body, the BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, and UNIVERSITY OF NORTH CAROLINA WILMINGTON, a constituent institution, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Gina McAllister ("Plaintiff") by and through undersigned counsel, brings this

action against The University of North Carolina System and its constituent institution, University

of North Carolina Wilmington ("Defendants" or the "University") on behalf of herself and all

others similarly situated, and makes the following allegations based upon information, attorney

investigation and belief, and upon Plaintiff's own knowledge:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this case as a result of Defendants' decision to close campus,

   constructively evict students, and transition all classes to an online/remote format as a

   result of the Novel Coronavirus Disease ("COVID-19").

1

2. While closing campus and transitioning to online classes was the right thing for Defendants to do, this decision deprived Plaintiff and the other members of the Class from recognizing the benefits of in-person instruction, housing, meals, access to campus facilities, student activities, and other benefits and services in exchange for which they had already paid fees and tuition.

3. Defendants have either refused to provide reimbursement for the tuition, housing, meals, fees and other costs that Defendants are no longer providing, or have provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

4. This action seeks refunds of the amount Plaintiff and other members of the Classes are owed on a pro-rata basis, together with other damages as pled herein.

5. Plaintiff is not suing to recover monies paid by taxes to the University; rather, Plaintiff files suit against the Board of Governors of The University of North Carolina System, a body politic and corporate that may be sued, for specific disgorgement of fees and monies paid by students and their parents, guardians, and families for access and services not received.

**PARTIES**

6. Defendant The University of North Carolina System is the multi-campus public university system for the state of North Carolina, consisting of 17 constituent institutions throughout the state.

7. The University of North Carolina System is governed by the Board of Governors of the University of North Carolina as established by Chapter 116 of the North Carolina General Statutes.

8. The Board of Governors of the University of North Carolina is a body politic that is able and capable in law to bargain, sell, grant, alien, or dispose of and convey and assure to the purchasers any and all such real and personal estate and funds as it may lawfully acquire when the condition of the grant to it or the will of the devisor does not forbid it; and shall be able and capable in law to sue and be sued in all courts whatsoever; and shall have power to open and receive subscriptions, and in general may do all such things as are usually done by bodies corporate and politic, or such as may be necessary for the promotion of learning and virtue.

9. The Board of Governors is vested with the statutory authority to delegate any part of its authority over the affairs of any institution to the board of trustees or, through the President, to the chancellor of the institution in any case where such delegation appears necessary or prudent to enable the institution to function in a proper and expeditious manner. The Board may delegate any part of its authority over the affairs of The University of North Carolina to the President in any case where such delegation appears necessary or prudent to enable The University of North Carolina to function in a proper and expeditious manner. Any delegation of authority may be rescinded by the Board at any time in whole or in part.

10. Defendant University of North Carolina Wilmington is a constituent institution of The University of North Carolina System, and is located and operating in New Hanover County.

11. Upon information and belief, Defendants are eligible to receive federal stimulus under the CARES Act. The CARES Act directs that approximately $14 billion dollars be distributed to colleges and universities based upon enrollment and requires that

institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

12. Plaintiff is an individual and a resident and citizen of the state of North Carolina.

13. Plaintiff is currently enrolled as a full time student in Defendants' undergraduate program, studying criminology and sociology.

14. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket or by utilizing student loan financing or otherwise.

15. There are hundreds, if not thousands, of institutions of higher learning in this country.

16. Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical attendance by the students.

17. Defendants' institution offers in person, hands on curriculum.

18. Plaintiff and members of the Proposed Tuition Class did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendants' institution and enroll on an in-person basis.

19. Common sense would dictate that the level and quality of instruction an educator can provide through an online format is lower than the level and quality of instruction that can be provided in person.

20. Moreover, the true college experience encompasses much more than just the credit hours and degrees. The college experience consists of:

    i.    Face to face interaction with professors, mentors, and peers;

    ii.    Access to facilities such as computer labs, study rooms, laboratories, libraries, etc;

      iii.    Student governance and student unions;

      iv.    Extra-curricular activities, groups, intramurals, etc;

      v.    Student art, cultures, and other activities;

      vi.    Social development and independence;

      vii.    Hands on learning and experimentation; and

      viii.    Networking and mentorship opportunities.

21. Defendants have already recognized the inherent difference in value between online and in-person education.

22. Even before the COVID-19 pandemic, Defendants offered an online degree track, called their distance education program, alongside their standard on-campus degree program.

23. Although these same programs, upon information and belief, confer the same degree, Defendants charge different costs of tuition.

24. Indeed, the cost of tuition for an online degree from the University is roughly 18% cheaper than the tuition for the same degree earned on campus:[1]

## 2020-2021 Annual Cost of Attendance

| UGrad | On/Off Campus | On/Off Campus | OAP/Distance Ed (DE) | OAP/Distance Ed(DE) |
|---|---|---|---|---|
| **Full Time Enrollment** | Resident | Non-Resident | Resident | Non-Resident |
| **Tuition** | $4510 | $19063 | $3710 | $15457 |

25. Plaintiff's education has transitioned from in-person hands on learning to online instruction.

26. Plaintiff's online instruction is not commensurate with the same classes being taught in

[1] https://uncw.edu/finaid/cost.html

person.

27. For example, only one of Plaintiff's classes is currently being taught live through online instruction. One of Plaintiff's classes is pre-recorded and available for her to view but not participate in, and the professors in her other four classes are merely posting assignments online with no video instruction at all.

28. In addition to tuition, Plaintiff was required to pay certain mandatory fees, including but not limited to:

      a. Education and Technology Fee;

      b. Security Fee; and

      c. Omnibus Mandatory Fee

29. The omnibus Mandatory Fee is specifically designated by the university to cover the following activities and services:[2]

| Mandatory Fee Allocation* | Amount | Percentage |
|---|---|---|
| Athletics | 774.55 | 35.644% |
| Health | 219.00 | 10.078% |
| Media | 12.50 | 0.575% |
| SGA | 53.00 | 2.439% |
| Student Union | 138.00 | 6.351% |
| Recreation & Intramurals | 253.00 | 11.643% |
| Postal | 15.00 | 0.690% |
| Athletic Facilities Operating | 107.50 | 4.947% |
| Cultural Events - Academic Affairs | 42.95 | 1.977% |
| ID/Debit Card | 12.00 | 0.552% |
| Leadership | 23.00 | 1.058% |
| Student Services | 32.00 | 1.473% |
| Green Initiative | 10.00 | 0.460% |
| Recreation Expansion Debt | 201.00 | 9.250% |
| Union Expansion Debt | 175.00 | 8.053% |
| Transportation | 103.50 | 4.763% |
| Assoc of Student Gov't | 1.00 | 0.046% |

---

[2] https://uncw.edu/studentaccounts/documents/2019-2020tuitionug.pdf

6

30. Upon information and belief, Defendants also charge a number of optional fees for on campus services, activities, and privileges.

31. As a result of being moved off campus, Plaintiff no longer has the benefit of the services for which these fees have been paid.

32. In addition to the tuition and fees described above, Plaintiff paid "Room and Board" fees for the opportunity to reside in campus housing and for access to a meal plan providing for on campus dining opportunities.

33. At Defendants' request and direction, Plaintiff moved out of on-campus housing prior to March 21, 2020 and has not lived on campus since, nor had access to any meals under her meal plan since that date.

## JURISDICTION AND VENUE

34. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

35. This Court has personal jurisdiction over Defendants because Defendants are domiciled in North Carolina and conduct business in North Carolina.

36. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendants are a body politic domiciled and doing business in this District.

## FACTUAL ALLEGATIONS

37. Upon information and belief, Defendant's Spring term began with the first day of classes

on or about January 13, 2020.[3]

38. Upon information and belief, Defendant's Spring term was scheduled to conclude with the last day of examinations on or about May 7, 2020 and commencement ceremonies on May 8-9, 2020.[4]

39. Accordingly, Defendant's Spring semester was scheduled and contracted to consist of approximately 115 days.

40. Defendant's Spring break began on or about March 9, 2020 and was supposed to end on or about March 13, 2020.[5]

41. However, as a result of the COVID-19 pandemic, Defendant announced on March 12, 2020 that it was extending spring break for an additional week moving nearly all classes online for the remainder of the semester starting March 23, 2020. Defendant "strongly encouraged" students not to return to campus until March 22, 2020.[6]

42. On March 14, 2020, the University announced the closure of the Rec Center and the limiting of student services.[7]

43. On March 17, 2020, based on guidance from the UNC System, the University announced that students would be required to return to their permanent residences or remain in their current off-campus locations.[8]

44. On or about March 31, 2020, Defendants announced that they would were "committed to pro-rata reimbursements of housing and dining funds that have been unused as a result of the University System's rapid response to COVID-19."[9]

[3] https://uncw.edu/reg/calendars-events.html
[4] Id.
[5] Id.
[6] https://uncw.edu/news/2020/03/update-new-information-re.-campus-response-to-coronavirus.html
[7] https://uncw.edu/news/2020/03/update-coronavirus-impacts1.html
[8] https://uncw.edu/news/2020/03/update-impacts-of-unc-system-guidance.html
[9] https://uncw.edu/news/2020/03/message-from-chancellor-sartarelli-re-refunds.html

45. However, Defendants did not live up to that commitment. On or about April 6, 2020, Defendants announced that they would only be pro-rating housing and dining refunds from the date of March 23, 2020.[10]

46. This fixed date was arbitrary, unfair, and unlawful, resulting in wholly insufficient refunds to Members of the On-Campus Housing Class and meals Class.

47. Plaintiff and Members of the Class bargained and paid for housing and meals on the expectation that they would return from spring break on or about March 13, 2020.

48. However, they did not receive the benefit of their bargain because they were first encouraged and then required not to return after that date.

49. That Defendants' did not "officially" close on-campus housing and dining until March 23, 2020 does not negate the fact that students were deprived of housing and meals prior to that date based on instruction from Defendants and the fact that it was recognized by all parties that it was unsafe for students to return to campus from Spring Break.

50. Accordingly, the housing and meal refunds being offered by Defendants do not apply to the full cost of housing and dining funds "that have been unused as a result of the University System's rapid response to COVID-19."

51. Likewise, Defendants have refused and continue to refuse to offer any pro-rated tuition discounts as a result of moving classes online.

52. Although Defendants are still offering some level of academic instruction via online classes, Plaintiff and members of the proposed Tuition Class have been and will be deprived of the benefits of on campus learning as set forth more fully above.

53. Moreover, the value of any degree issued on the basis of online or pass/fail classes will be diminished for the rest of their lives.

---

[10] https://uncw.edu/news/2020/04/notice-housing-dining-refunds.html

54. Although Defendants have refused and continue to refuse to reduce tuition for Spring semester students, they have announced that students expecting to take Summer classes in person (who will now be forced to take them online) will be charged the distance education rate as opposed to the normal rate for such classes.[11]

55. Upon information and belief, the only difference between Defendants' decision to discount online classes for the Summer and not discount online classes for the Spring is that Defendants have already collected tuition for the Spring Semester and the Spring Semester students have no recourse, whereas Defendants have not yet collected tuition for the Summer term and Defendants know many students will not agree to pay full price tuition for online classes during that upcoming term.

56. Finally, Plaintiff and members of the proposed Fees Class have been and will be deprived of utilizing services for which they have already paid, as set forth in Paragraphs 28-30 above.

57. To date, Defendants have not announced any plans to discount these fees.

58. Defendants' decision to not discount these fees stands in stark contrast to their prior course of conduct, namely that they do not and have never charged the omnibus mandatory fee for students in the distance education program[12] because Defendants consider these to be "face-to-face" fees:[13]

> **Will I be charged mandatory fees for summer 2020?**
> The Educational & Technology Fee, Security Fee, and Student Government Association Fee apply to distance education rates. UNCW will not charge face-to-face mandatory fees for any summer classes since all classes will be online for summer 2020.

---

[11] https://uncw.edu/coronavirus/faqs.html
[12] https://uncw.edu/finaid/cost.html
[13] https://uncw.edu/coronavirus/faqs.html

## CLASS ACTION ALLEGATIONS

59. Plaintiff brings this action on behalf of herself and as a class action, pursuant to the

provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following

Classes:

> **The Tuition Class:**
>
> All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.
>
> **The Fees Class:**
>
> All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.
>
> **The On-Campus Housing Class:**
>
> All people who paid the costs of on-campus housing for or on behalf of students enrolled in classes at the University for the Spring 2020 semester who moved out of their on-campus housing prior to the completion of the semester because of Defendants' policies and announcements related to COVID-19.
>
> **The Meals Class:**
>
> All people who paid costs for or on behalf of students for meals and on-campus dining at the University for the Spring 2020 semester.

60. Excluded from the Classes are The Board of Governors of the University of North

Carolina and any of their respective members, affiliates, parents, subsidiaries, officers,

directors, employees, successors, or assigns; and the judicial officers, and their immediate

family members, and Court staff assigned to this case. Plaintiffs reserve the right to

modify or amend the Class definitions, as appropriate, during the course of this litigation.

61. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff

can prove the elements of her claims on a class-wide basis using the same evidence as

would be used to prove those elements in individual actions alleging the same claims.

62. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

**Numerosity: Fed. R. Civ. P. 23(a)(1)**

63. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendants' records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

**Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)**

64. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   i.   Whether Defendants engaged in the conduct alleged herein;

   ii.  Whether there is a difference in value between online distance learning and live in-person instruction;

   iii. Whether Defendants breached their contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

   iv.  Whether Defendants were unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of

12

online distance learning and live in-person instruction;

v.     Whether Defendants breached their contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

vi.    Whether Defendants were unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

vii.   Whether Defendants breached their contracts with Plaintiff and the other members of the On-Campus Housing Class by not refunding them the full pro-rated amount of their housing expenses when the pandemic prevented them (or the students on whose behalf they paid) from continuing to live on campus safely;

viii.  Whether Defendants were unjustly enriched by retaining payments of Plaintiff and the other members of the On-Campus Housing Class while such members (or the students on whose behalf they paid) moved out of their on-campus housing;

ix.    Whether Defendants breached their contracts with Plaintiff and the other members of the Meals Class by retaining costs for food and on-campus dining without providing those services which the costs were intended to cover;

x.     Whether Defendants were unjustly enriched by retaining payments of Plaintiff and the other members of the Meals Class without providing the food and on-campus dining options which those costs were intended to cover;

xi.    Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

xii.   Whether Class members are entitled to declaratory, equitable, or injunctive relief,

and/or other relief; and

xiii.    The amount and nature of relief to be awarded to Plaintiff and the other Class

members.

### **Typicality: Fed. R. Civ. P. 23(a)(3)**

65. Plaintiff's claim is typical of the other Class member's claims because, among other

things, all Class members were similarly situated and were comparably injured through

Defendants' wrongful conduct as set forth herein.

### **Adequacy: Fed. R. Civ. P. 23(a)(4)**

66. Plaintiff is an adequate Class representative because her interests do not conflict with the

interests of other members of the Class she seeks to represent. Plaintiff has retained

counsel competent and experienced in complex litigation; and Plaintiff intends to

prosecute the action vigorously. The Class's interests will be fairly and adequately

protected by Plaintiff and her counsel.

### **Superiority: Fed. R. Civ. P. 23(b)(3)**

67. A class action is superior to any other available means for the fair and efficient

adjudication of this controversy, and no unusual difficulties are likely to be encountered

in the management of this class action. The damages or other financial detriment

suffered by Plaintiff and other Class members are relatively small compared to the

burden and expense that would be required to individually litigate their claims against

Defendants, so it would be impracticable for members of the Class to individually seek

redress for Defendants' wrongful conduct.

68. Even if Class members could afford individual litigation, the Court system likely could

not. Individualized litigation creates a potential for inconsistent or contradictory

judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

### Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)

69. To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

### Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)

70. The University has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

### FOR A FIRST COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Tuition Class)

71. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

72. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

73. Plaintiff and the Tuition Class entered into contracts with the University which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students and, in exchange, the University would provide live in-person instruction in a physical classroom.

74. Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out-of-pocket or by using student loan financing.

15

75. The University breached the contract with Plaintiff and the Tuition Class by moving all classes for the Spring 2020 semester to online distance learning platforms, without reducing or refunding tuition accordingly.

76. The University retained tuition monies paid by Plaintiff and other members of the Tuition Class, without providing them the full benefit of their bargain.

77. Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendants' breach, including but not limited to being deprived of the value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

78. As a direct and proximate result of Defendants' breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

**FOR A SECOND COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Tuition Class)**

79. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

80. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

81. The University has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

82. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

16

83. Plaintiff and other members of the Tuition Class conferred this benefit on Defendants when they paid the tuition.

84. Plaintiff and other members of the Tuition Class did not confer this benefit gratuitously.

85. Defendants have realized this benefit by accepting such payment.

86. Defendants have retained this benefit, even though Defendants have failed to provide the access and services for which the tuition was collected, making Defendants' retention unjust under the circumstances.

87. Equity and good conscience requires that the University return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

88. Defendants should be required to disgorge this unjust enrichment.

## FOR A THIRD COLLECTIVE CAUSE OF ACTION
## BREACH OF CONTRACT
### (Plaintiff and Other Members of the Fees Class)

89. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

90. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

91. Plaintiff and the Fees Class entered into contracts with the University which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the University would provide access and services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

92. Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student financing, or otherwise.

93. The University breached the contract with Plaintiff and the Fees Class by moving all

17

classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities.

94. The University retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

95. Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendants' breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

96. As a direct and proximate result of Defendants' breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which access and services were not provided.

**FOR A FOURTH COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Fees Class)**

97. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

98. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

99. The University has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

100. Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

101. Plaintiff and other members of the Fees Class conferred this benefit on Defendants when they paid the fees.

102. Plaintiff and other members of the Fees Class did not confer this benefit

18

gratuitously.

103.     Defendants have realized this benefit by accepting such payment.

104.     Defendants have retained this benefit, even though Defendants have failed to

provide the access and services for which the fees were collected, making Defendants'

retention unjust under the circumstances.

105.     Equity and good conscience requires that the University return a pro-rata portion

of the monies paid in fees to Plaintiff and other members of the Fees Class.

106.     Defendants should be required to disgorge this unjust enrichment.

<b>FOR A FIFTH COLLECTIVE CAUSE OF ACTION<br>BREACH OF CONTRACT<br>(Plaintiff and Other Members of the On-Campus Housing Class)</b>

107.     Plaintiff incorporates by reference all preceding allegations as though fully set

forth herein.

108.     Plaintiff brings this count on behalf of herself and other members of the On-

Campus Housing Class.

109.     Plaintiff and the On-Campus Housing Class entered into contracts with the

University which provided that Plaintiff and other members of the On-Campus Housing

Class would pay certain fees for or on behalf of students and, in exchange, the University

would provide on-campus housing to those students.

110.     Plaintiff and other members of the On-Campus Housing Class fulfilled their end

of the bargain when they paid these fees for the Spring 2020 semester either out-of-

pocket or by using student financing.

111.     The University breached the contract with Plaintiff and the On-Campus Housing

Class by moving all classes for the Spring 2020 semester to online distance learning

19

platforms, and asked students to move out of on-campus housing facilities, thus constructively evicting them.

112.     The University retained fees paid by Plaintiff and other members of the On-Campus Housing Class, without providing them the full benefit of their bargain.

113.     Plaintiff and other members of the On-Campus Housing Class have suffered damage as a direct and proximate result of Defendants' breach, including but not limited to being deprived of the value of the housing that the board fees were intended to cover.

114.     As a direct and proximate result of Defendants' breach, Plaintiff and the On-Campus Housing Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that were collected but for which access and services were not provided.

## FOR A SIXTH COLLECTIVE CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Plaintiff and Other Members of the On-Campus Housing Class)

115.     Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

116.     Plaintiff brings this count on behalf of herself and other members of the On-Campus Housing Class.

117.     The University has received a benefit at the expense of Plaintiff and other members of the On-Campus Housing Class to which it is not entitled.

118.     Plaintiff and other members of the On-Campus Housing Class paid substantial board fees for the right to occupy on-campus housing and did not receive the full benefit of the bargain.

119.     Plaintiff and other members of the On-Campus Housing Class conferred this

benefit on Defendants when they paid the fees.

120.     Plaintiff and other members of the On-Campus Housing Class did not confer this benefit gratuitously.

121.     Defendants have realized this benefit by accepting such payment.

122.     Defendants have retained this benefit, even though Defendants have failed to provide the housing and other amenities for which the fees were collected, making Defendants' retention unjust under the circumstances.

123.     Equity requires that the University return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the On-Campus Housing Class.

124.     Defendants should be required to disgorge this unjust enrichment.

**FOR A SEVENTH COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Meals Class)**

125.     Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

126.     Plaintiff brings this count on behalf of herself and other members of the Meals Class.

127.     Plaintiff and the Meals Class entered into contracts with the University which provided that Plaintiff and other members of the Meals Class would pay certain fees for or on behalf of students and, in exchange, the University would provide meals and on-campus dining options.

128.     Plaintiff and other members of the Meals Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student financing, or otherwise.

129.     The University breached the contract with Plaintiff and the Meals Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities, including dining facilities.

130.     The University retained fees paid by Plaintiff and other members of the Meals Class, without providing them the full benefit of their bargain.

131.     Plaintiff and other members of the Meals Class have suffered damage as a direct and proximate result of Defendants' breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

132.     As a direct and proximate result of Defendants' breach, Plaintiff and the Meals Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which meals and services were not provided.

### FOR AN EIGHTH COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Meals Class)

133.     Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

134.     Plaintiff brings this count on behalf of herself and other members of the Meals Class.

135.     The University has received a benefit at the expense of Plaintiff and other members of the Meals Class to which it is not entitled.

136.     Plaintiff and other members of the Meals Class paid fees for access to on-campus meals and dining options.

137.     Plaintiff and other members of the Meals Class conferred this benefit on Defendants when they paid the fees.

138.     Plaintiff and other members of the Meals Class did not confer this benefit gratuitously.

139.     Defendants have realized this benefit by accepting such payment.

140.     Defendants have retained this benefit, even though Defendants have failed to provide the meals and services for which the fees were collected, making Defendants' retention unjust under the circumstances.

141.     Equity requires that the University return a pro-rata portion of the monies paid in meal fees to Plaintiff and other members of the Meals Class.

142.     Defendants should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of members of the Classes, pray for judgment in their favor and against Defendants as follows:

a.     Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b.     Declaring that Defendants are financially responsible for notifying the Class members of the pendency of this action;

c.     Declaring that Defendants have wrongfully kept monies paid for tuition, fees, on-campus housing, and meals;

d.     Requiring that Defendants disgorge amounts wrongfully obtained for tuition, fees, on-campus housing, and meals;

e.     Awarding injunctive relief as permitted by law or equity, including enjoining

Defendants from retaining the pro-rated, unused monies paid for tuition, fees, on-campus housing, and meals;

f.      Scheduling a trial by jury in this action;

g.      Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

h.      Awarding pre and post judgment interest on any amounts awarded, as permitted by law; and

i.      Awarding such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

This 27th day of April, 2020

Respectfully Submitted,

**ANASTOPOULO LAW FIRM, LLC**

BY   /s/ Eric M. Poulin        
Eric M. Poulin
N.C. Bar No.: 43861
Roy T. Willey, IV (*special appearance pending*)
Anastopoulo Law Firm, LLC
32 Ann Street
Charleston, SC 29403
(843) 614-8888
Fax (843) 494-5536
eric@akimlawfirm.com
roy@akimlawfirm.com

**ATTORNEYS FOR PLAINTIFF(S)**